## Case No. 960.

### BANKS v. KING.

[1 Cranch, C. C. 543.][1]

Circuit Court, District of Columbia. June Term, 1809.

SET-OFF— WHEN ALLOWABLE—NOTE EXECUTED BEFORE BANKRUPTCY.

In an action by an insolvent debtor for the use of his trustee, the defendant may set off the plaintiff's note to a third person, with a blank indorsement, upon proof that the note came to the defendants' hands before the insolvency; but he cannot set off a joint note of the plaintiff and another.

At law. Assumpsit [by Banks, an insolvent, for the use of his trustee, against George and A. King] for goods sold; non assumpsit, and discount pleaded in bar. The defendant offered to set off a note made by the plaintiff to John Templeman, and by him indorsed in blank.

Mr. Porter, for the plaintiff, objected that it did not appear at what time the note came to the hands of the defendants, and that the precise time must be proved. Dickson v. Evans, 6 Term R. 57.

THE COURT (DUCKETT, Circuit Judge, absent,) permitted the defendant to read the note in evidence, on proof that it came to his hands before the plaintiff's insolvency.

Mr. Morsell, for the defendant, offered to set off a note due from Lowdermilk & Banks to Kunkle & Ghequere, and by them indorsed to the defendant, and offered to prove that the original debt was due from Banks alone for goods sold him by Kunkle & Ghequere.

Mr. Porter, for the plaintiff, contra, objected that they must be mutual debts, and due in the same right, and cited 1 Pow. Cont. 440; 1 H. Bl. 659; 1 Wils. 155; Bull. N. P. 179; and Cowp. 133.

And of that opinion was THE COURT, (DUCKETT, Circuit Judge, absent.) Verdict for plaintiff.